UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/2022
```

MICHAEL KEENUM,

                    Plaintiff,

-against-

SOPHIA ZHOU, ZHENGHONG ZHOU,
JOHN V. SALIERNO, AND MIGUEL A.
SANTOS-UCETA

                    Defendant.

19-cv-5045 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      On September 30, 2022, the Court issued an Order to Show Cause directing Plaintiff Michael Keenum to show cause in writing on or before October 14, 2022, as to why his claims against Defendants John V. Salierno, Miguel A. Santos-Uceta, Sophia Zhou, and Zhenghong Zhou (together, "Defendants") should not be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 3). The Court expressly warned Plaintiff that failure to comply with the Court's show cause order would result in dismissal of this action for want of prosecution. (*Id.*) Plaintiff has failed to comply with the September 30, 2022 Order. In addition, there has been no activity on the docket by any of the parties since May 31, 2019, and the Court has not received any communications from Plaintiff since that time. There has also been no summons issued to any of the Defendants.

      Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."). "Dismissal for want of prosecution is a matter committed to the

discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions. *Id.* (internal quotation marks omitted).

Not only does Plaintiff's failure to prosecute this action impede the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases," *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016), but the adversary process has been halted because of . . . essentially unresponsive part[ies]," *Jackson v. Beech*, 636 F.2d 831, 835–36 (D.C. Cir. 1980).

Accordingly, in the interests of the orderly administration of justice, and due to Plaintiff's failure to comply with the Court's September 30, 2022 Order, the Court DISMISSES the complaint without prejudice. The Clerk of the Court is directed to terminate this action.

Dated: November 28, 2022
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE